IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**AARON COLEMAN**                                                                                           **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 2:10-CV-296-KS-MTP**

**MILLER ENTERPRISES, LLC**                                                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [26]. The Court grants the motion with respect to Plaintiff's Title VII and Section 1981 claims, but it denies the motion as to Plaintiff's FLSA claim.

**I. BACKGROUND**

Plaintiff began work as a laborer for Defendant on February 25, 2009. On March 1, 2010, Defendant terminated Plaintiff's employment. Plaintiff alleges that Defendant terminated him because of his race. Defendant claims that it terminated Plaintiff because he damaged a customer's fence while operating Defendant's skid steer machine, failed to report the accident, and later lied about it.

Plaintiff subsequently filed his Complaint, alleging violations of 42 U.S.C. § 1981, Title VII,[1] and the Fair Labor Standards Act ("FLSA").[2] Defendant filed its Motion for Summary Judgment [26], which the Court now addresses.[3]

---

[1] 42 U.S.C. § 2000e, *et seq.*

[2] 29 U.S.C. § 201, *et seq.*

[3] Plaintiff also filed a Motion to Strike [17] Defendant's designation of William J. Cutler Jr. as an expert witness. The Court does not presently address that motion, as the Court need not

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## III. DISCUSSION

*A.    Title VII*

---

consider Cutler's report or testimony in addressing Defendant's motion for summary judgment.

Plaintiff conceded his Title VII claim. Accordingly, the Court grants Defendant's Motion for Summary Judgment with respect to it.

### B.     42 U.S.C. § 1981

Claims of intentional racial discrimination in employment – whether brought under 42 U.S.C. § 1981 or Title VII – are analyzed "under the same rubric of analysis." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002). The Court analyzes such claims under the *McDonnell Douglas* burden-shifting framework. *Id.* (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 n. 13, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). In the first step of the analysis, Plaintiff must establish a prima facie case of discrimination *Id.* Plaintiff can establish a prima facie case by providing evidence (1) that he is a member of a protected class; (2) that he was qualified for his position; (3) that he was subject to an adverse employment action; and (4) that similarly situated individuals of another race were treated more favorably. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

It is undisputed that Plaintiff presented sufficient evidence to demonstrate the first three prongs of the prima facie case, but Defendant argues that Plaintiff, an African-American man, failed to provide evidence that Caucasian men similarly situated to him were treated more favorably than he was. "In work-rule violation cases, a Title VII plaintiff may establish a prima facie case by showing either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995). Plaintiff testified by affidavit that he did not strike the fence with the skid steer machine. Therefore, he has presented sufficient evidence to create a genuine dispute as to whether he

committed the work-rule violation for which Defendants claims to have fired him. Accordingly, he made out a prima facie case of discrimination.

Consequently, the burden shifts to Defendant, which must produce a legitimate, nondiscriminatory reason for the adverse employment action at issue. *Okoye*, 245 F.3d at 513. Defendant's burden is merely one of production – not persuasion; it involves "no credibility assessment." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). If Defendant produces a legitimate, nondiscriminatory reason for the adverse employment action, the "mandatory inference of discrimination" created by Plaintiff's prima facie case vanishes. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

Defendant presented evidence that its employee conduct and work rules explicitly forbid "[n]egligence or improper conduct leading to damage of employer-owned or customer-owned property," and that it required employees to report any such damage to equipment or customer-owned property. Defendant also presented evidence that Plaintiff was the only employee who operated the skid steer on the day the damage to the fence occurred, and that he nonetheless denied that he caused the damage. Plaintiff's supervisor, David Morris, concluded that Plaintiff was lying, and Defendant's owner, Russell Miller, ordered that Plaintiff be immediately terminated. This is sufficient to meet Defendant's burden of production. *Mayberry*, 55 F.3d at 1091. Therefore, the burden shifts back to Plaintiff, who must rebut Defendant's legitimate, nondiscriminatory reason by proving that "(1) the . . . reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) the . . . reason, while true, is only one of the reasons for its conduct, and another motivating factor is [his] protected characteristic (mixed motive alternative)." *Black v. Pan Am Labs., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011).

First, Plaintiff claims that two other employees operated the skid steer on the day the damage occurred, and he testified as much via affidavit. He further testified that he did not strike the fence with the skid steer. Plaintiff argues that this creates a factual dispute as to whether he committed the infractions which Defendant claims formed the basis of its decision to terminate his employment. However, "[t]he question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive." *Mayberry*, 55 F.3d at 1091. The Fifth Circuit has held:

> The existence of competing evidence about the objective correctness of a fact underlying a defendant's proffered explanation does not in itself make reasonable an inference that the defendant was not truly motivated by its proffered justification. . . .[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason. We do not try in court the validity of good faith beliefs as to an employee's competence. Motive is the issue.

*Little v. Republic Refining Co.*, 924 F.2d 93, 97 (5th Cir. 1991); *see also LeMaire v. Louisiana*, 480 F.3d 383, 391 (5th Cir. 2007); *Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). Phrased more succinctly: "Simply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext." *LeMaire*, 480 F.3d at 391. Accordingly, Plaintiff's testimony that he did not commit the work-rule violation which Defendant claims he committed is insufficient to rebut Defendant's legitimate, nondiscriminatory reason for termination.

Next, Plaintiff offered his own testimony that two Caucasian employees – Chris Speed and Brandon Miller – damaged equipment and/or customer-owned property while on the job and failed to report it. Plaintiff testified that Defendant did not terminate either of them. A plaintiff may establish pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation . . . is not the real reason for the adverse employment action." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (punctuation omitted). If a plaintiff tries to show pretext by

5

evidence of disparate treatment – as Plaintiff has done – he must "compare his treatment to that of nearly identical, similarly situated individuals." *Bryant*, 413 F.3d at 478. In other words, Plaintiff must show that Defendant gave more favorable treatment to an employee of a different race under "nearly identical" circumstances. *Id.*

The two Caucasian employees whom Plaintiff claims received more favorable treatment than he did were not "similarly situated" with him. First, Defendant presented affidavit testimony from its owner, Russell Miller, that the two Caucasian employees referred to by Plaintiff did not lie about their incidents, whereas Defendant believed that Plaintiff was lying about his actions. Regardless of whether Defendant's assessment of Plaintiff's honesty is correct,[4] it creates a substantial difference between his situation and theirs.

Next, Defendant presented evidence that Plaintiff has a history of troublesome behavior at work. According to Defendant's affidavits, Plaintiff previously damaged company property, and he received verbal warnings. In January 2010, Plaintiff received a written reprimand for failing to perform his job duties and attempting to assert authority over employees of equal rank. Rather than terminate Plaintiff's employment, Defendant allowed Plaintiff to transfer to a different work crew, and Defendant advised Plaintiff that "this was his last chance and any other problems would lead to his termination." Plaintiff has not presented any evidence to dispute this account of his employment history. Furthermore, he has not presented any evidence that the two Caucasian employees to whom he compares himself have similarly checkered work histories. Accordingly, the Court finds that Plaintiff failed to provide evidence that "nearly identical, similarly situated

---

[4]Even Defendant's incorrect assessment of Plaintiff's honesty would constitute a legitimate, nondiscriminatory reason. *LeMaire*, 480 F.3d at 391; *Bryant*, 413 F.3d at 478; *Little*, 924 F.2d at 97.

individuals" of a different race were treated more favorably than he was. *Bryant*, 413 F.3d at 478.

Therefore, Plaintiff failed to present evidence rebutting Defendant's legitimate, nondiscriminatory reason for his termination, and the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Section 1981 claim.

## C.     *Fair Labor Standards Act*

In its Motion for Summary Judgment, Defendant first argues that Plaintiff is not covered by the FLSA because it is not engaged in interstate commerce or in the production of goods for interstate commerce. "The FLSA covers employees who are 'engaged in commerce or in the production of goods for commerce.'" *Williams v. Henegan*, 595 F.3d 610, 619 (5th Cir. 2010) (quoting 29 U.S.C. §§ 206(a), 207(a)(1)). The FLSA defines an "[e]nterprise engaged in commerce or in the production of goods for commerce" as an enterprise that "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and "whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately staed)." 29 U.S.C. § 203(s)(1)(A).

It is undisputed that Defendant's annual gross volume of business is equal to or greater than $500,000.00. Furthermore, Plaintiff presented his own affidavit testimony that he handled and worked with numerous materials and tools that were made outside of Mississippi and brought here through interstate commerce. No other evidence regarding the origin of the materials and tools Plaintiff handled during his work for Defendant is currently before the Court. Accordingly, the Court finds that Plaintiff is subject to the FLSA. *See Brennan v. Hatton*, 474 F.2d 9, 12 (5th Cir. 1973) (where parts used by plaintiff were manufactured outside of his state and moved there in commerce,

plaintiff was covered by FLSA).

Defendant also argues that it was not required to compensate Plaintiff for time spent riding to different work sites in company vehicles. The Portal-to-Portal Act provides:

> [N]o employer shall be subject to any liability or punishment under the Fair Labor Standards Act . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities of such employee . . . –
>
> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. §254(a). In summary, "employees are entitled to compensation for travel time that is a principal activity of the employee." *Vega ex rel. Trevino v. Gasper*, 36 F.3d 417, 424 (5th Cir. 1994). The Department of Labor's regulations provide more specific instructions:

> Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. *Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of the contract, custom, or practice.* If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time. However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work

travel and is not hours worked.

29 C.F.R. § 785.38 (2011) (emphasis added).

In the present case, it is undisputed that Plaintiff – like Defendant's other employees – arrived each day at Defendant's office, where all the employees would ride in Defendant's trucks to the work site. Plaintiff presented evidence, in the form of his own affidavit testimony, that he arrived at Defendant's office early each day to fuel up the work trucks and start them when it was cold. Plaintiff also testified that Defendant's owner would occasionally require him to perform other tasks to prepare for the day's work. Accordingly, Plaintiff has presented sufficient evidence to create a genuine dispute of material fact as to whether the time spent in travel each day was part of his principal activity and, therefore, compensable. *See Vega*, 36 F.3d at 424-25 (finding that plaintiffs' travel time to and from work was not compensable because they performed no work prior to riding to the work site).

Therefore, the Court denies Defendant's Motion for Summary Judgment as to Plaintiff's FLSA claims.

## IV. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [26]. The Court grants the motion as to Plaintiff's Title VII claim and Section 1981 claim, but it denies the motion as to Plaintiff's FLSA claim.

SO ORDERED AND ADJUDGED this 6th day of October, 2011.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE